

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2008

# Jean-Pierre v. Bur Prisons

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2809

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Jean-Pierre v. Bur Prisons" (2008). *2008 Decisions.* Paper 143.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/143

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-38                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2809

_____

STEVEN JEAN-PIERRE,
                                                Appellant

v.

B.O.P.; CAMERON LINDSAY; KYLE LINDSAY;
ALISON O'NEILL; TOM GUBBIOTTI;
KENNETH M. FLORES; HARRELL WATTS;
D. SCOTT DODRILL; HARLEY G. LAPPIN

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No.: 06-cv-02248)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 21, 2008

Before:  RENDELL, HARDIMAN and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Filed: December 8, 2008)

_____

OPINION OF THE COURT

_____

PER CURIAM

        Appellant Steven Jean-Pierre, a federal prisoner, filed a <u>Bivens</u> action in United

States District Court for the Middle District of Pennsylvania against certain prison officials, alleging a violation of his First and Fourteenth Amendment Rights in connection with a pat search by defendant officer Kenneth Flores.[1] After he set off a metal detector at the prison, the United States Penitentiary at Canaan, Jean-Pierre was subjected to a pat search. He alleged that Officer Flores, in conducting the search, inappropriately caressed his buttocks. The two exchanged words and Jean-Pierre, according to eyewitnesses, yelled "don't touch my ass" twice. For this, Jean-Pierre was issued a misconduct for Insolence. When he appeared before the Unit Disciplinary Committee ("UDC") to answer the charges,[2] he denied yelling those words and urged the UDC to review video surveillance of the incident, but his request was denied. The UDC relied upon eyewitness accounts in adjudicating Jean-Pierre guilty and in rejecting his defense that Officer Flores wrote him up for insolence to cover-up his own misconduct. Jean-Pierre was sanctioned with a loss of his job for 180 days.

Jean-Pierre unsuccessfully appealed the UDC's decision through all levels of review before filing the instant civil rights suit for injunctive relief and money damages. During the administrative proceedings, he challenged the UDC's denial of his request to review the video surveillance tape, but he was informed that there was no evidence such a

---

[1] Allegations of constitutional violations under color of federal law are properly brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[2] The matter was not referred to a Disciplinary Hearing Officer.

tape existed, and, moreover, the surveillance equipment is used for institutional security purposes only. At the Regional Level, Jean-Pierre was advised that, even if he felt an improper search had been conducted, he was not authorized to resort to insolence; his recourse was to file a grievance.

In the instant suit, Jean-Pierre alleged that the denial of access to a videotaped "replay" of the pat search during the disciplinary proceedings and the sanction of loss of his job for 180 days deprived him of his due process rights. In addition, the defendants' actions amounted to (a) a conspiracy to retaliate against him for exercising his First Amendment rights, and (b) an agreement to cover-up defendant Flores' sexual battery. The complaint was amended, and the defendants moved to dismiss it or, in the alternative, for summary judgment. Defendant Flores executed an affidavit in support of the defendants' motion, in which he stated that he was merely conducting a routine and thorough pat search of Jean-Pierre. Because inmates may attempt to conceal weapons or other contraband in their waistbands, groin and buttocks area, these areas must be searched. He acknowledged that he would have put his hands on Jean-Pierre's buttocks, but he asserted that such conduct is the only way to determine if there was concealed contraband in Jean-Pierre's pants without subjecting him to a strip search.[3]

_____

[3] The regulation on searching inmates defines a "pat search" as an:

> Inspection of an inmate, using the hands [that] does not require the inmate to remove clothing. The inspection includes a search of the inmate's clothing and personal effects. Staff may conduct a pat search of an inmate

3

Jean-Pierre filed a response in opposition to the defendants' motion, in which he asked for discovery, that is, a videotaped replay, pursuant to Fed. R. Civ. Pro. 56(f). Rule 56(f) permits the court to order a continuance of a motion for summary judgment "should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Fed. R. Civ. P. 56(f). To succeed, a Rule 56(f) motion "must identify with specificity what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." Lunderstadt v. Colafella, 885 F.2d 66, 71 (3d Cir.1989) (internal quotations and citations omitted).

In an Order entered on March 19, 2008, the District Court dismissed the amended complaint pursuant to Rule 12(b)(6) to the extent of Jean-Pierre's due process and conspiracy claims. With respect to the due process claim, the court reasoned that an inmate does not have a protected liberty or property interest in prison employment, see, e.g., James v. Quinlan, 866 F.2d 627, 629-30 (3d Cir. 1989), and the disciplinary sanction at issue, loss of prison employment for a period of 180 days, did not constitute "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483 (1995) (due process requirements apply only when prison's actions impose "an atypical and significant hardship on the

on a routine or random basis to control contraband.

28 C.F.R. § 552.11(b) (2007).

4

inmate in relation to the ordinary incidents of prison life"); Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (what is "atypical and significant" is determined by what sentenced inmate may reasonably expect to encounter as result of his or her conviction in accordance with due process of law).

Jean-Pierre also alleged that prison officials' denial of access to a videotaped replay of the pat search amounted to a conspiracy and an agreement to cover-up defendant Flores' unlawful conduct. The District Court reasoned that this claim was subject to dismissal under Rule 12(b)(6) as well, because, in order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989). Jean-Pierre's amended complaint was devoid of specific facts tending to show some concerted activity and relied instead on subjective suspicions and unsupported speculation.

Next, the District Court granted summary judgment on Jean-Pierre's First Amendment claim. Applying Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001), the court noted that a prisoner must show that (1) the conduct which led to the alleged retaliation was constitutionally protected; (2) he suffered some adverse action at the hands of prison officials; and (3) there is a causal link between the exercise of his constitutional rights and the adverse action taken against him. See id. at 333. Jean-Pierre alleged that defendant Flores wrote the incident report because he had tried to exercise his First Amendment

5

right to protest against the way Flores had touched him. The District Court concluded that he failed to show a genuine issue of material fact with respect to the causation prong, even assuming the first two prongs could be satisfied, and thus there was no triable issue.

Last, the District Court declined to exercise supplemental jurisdiction over Jean-Pierre's state law claims, and denied a timely motion for reconsideration in an order entered on June 10, 2008.

Jean-Pierre timely appeals. Our Clerk granted him leave to appeal in forma pauperis and advised him that his appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, but he has not done so.

We will dismiss the appeal as frivolous. We have jurisdiction under 28 U.S.C. § 1291. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to

6

relief above the speculative level"); <u>Victaulic Co. v. Tieman</u>, 499 F.3d 227, 234 (3d Cir. 2007) (same). Our review is plenary. <u>See</u> <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993).

Our review of the District Court's grant of summary judgment also is plenary, and we must affirm if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); Fed. R. Civ. Pro. 56(c). Federal Rule of Civil Procedure 56(e), concerning the requirements for opposing a motion for summary judgment, provides that Jean-Pierre, as an adverse party, "may not rest upon the mere allegations or denials of [his] pleading, but [his] response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

We have carefully reviewed the motions and the evidence, and conclude that there is no arguable basis in fact or law for disagreeing with the District Court's Rule 12(b)(6) and summary judgment determinations. <u>Neitzke</u>, 490 U.S. at 325; <u>Twombly</u>, 127 S. Ct. at 1965; <u>Celotex Corp.</u>, 477 U.S. at 322-23. The District Court properly analyzed and resolved each of Jean-Pierre's claims and properly dismissed the amended complaint in part, and granted judgment to the defendants as to the remaining parts. With respect to whether there was a triable First Amendment claim, in addition to the reason noted by the District Court, we note that Jean-Pierre does *not* allege that he was prevented from filing a grievance alleging a sexual battery, <u>see</u> <u>Rauser</u>, 241 F.3d at 333 (conduct which led to

7

retaliation must be constitutionally protected).  With respect to his Rule 56(f) argument, he failed to establish that the information he sought, a videotaped "replay" of the pat search, would preclude summary judgment, see Horvath v. Keystone Health Plan East, Inc., 333 F.3d 450, 458 (3d Cir. 2003), because there is simply no indication that such a videotape exists.

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Appellant's motion for appointment of counsel on appeal is denied as moot.